# United States Court of Appeals
# for the Federal Circuit

---

**RICKEY D. CARROW,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**DEPARTMENT OF VETERANS AFFAIRS,**
*Intervenor.*

---

2010-3061

---

Petition for review of the Merit Systems Protection Board in case no. DC3443070780-M-1.

---

Decided: December 3, 2010

---

GEOFFREY P. EATON, Winston & Strawn LLP, of Washington, DC, argued for petitioner. With him on the brief were GENE C. SCHAERR and LINDA K. LEIBFARTH.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were

JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel. Of counsel was JOYCE G. FRIEDMAN.

SCOTT T. PALMER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR. Assistant Director.

---

Before BRYSON, DYK, and MOORE, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Rickey D. Carrow petitions for review of a decision of the Merit Systems Protection Board, on remand from this court, dismissing his appeal for lack of jurisdiction. We affirm.

I

The facts of this case are set out in our opinion on Mr. Carrow's previous appeal to this court. *Carrow v. Merit Sys. Prot. Bd.*, 564 F.3d 1359 (Fed. Cir. 2009). In brief summary, Mr. Carrow served for five years as an orthotist for the Department of the Army. In 2006, he applied for an orthotist-prosthetist position with the Department of Veterans Affairs ("DVA"). During Mr. Carrow's interviews for the job, the DVA informed him that the position was in the excepted service and was subject to a probationary period. The probationary period would end when Mr. Carrow completed the so-called "boarding" process, i.e., when he was certified by the Orthotist-Prosthetist Professional Standards Board. Mr. Carrow was selected for the DVA position, and he began work under his new

appointment in February 2007, without a break in service from his prior position with the Army. Four months later, however, the DVA terminated Mr. Carrow for "unacceptable performance issues." *See id.* at 1361.

When Mr. Carrow sought to challenge his removal before the Merit Systems Protection Board, the administrative judge who was assigned to his case ruled that because Mr. Carrow was serving a probationary period in his position with the DVA, the Board lacked jurisdiction over his appeal. The administrative judge ruled that Mr. Carrow had voluntarily accepted a temporary appointment under 38 U.S.C. § 7405(a)(1) and thus had forfeited the Board appeal rights he had enjoyed in his previous position with the Department of the Army. In the alternative, the administrative judge ruled that Mr. Carrow was ineligible for appellate rights under 5 U.S.C. § 7511. In that regard, the administrative judge ruled that because Mr. Carrow was a temporary, probationary, and nonpreference eligible employee in the excepted service, he was entitled to appeal to the Board only if he qualified as an "employee" by satisfying the requirements of 5 U.S.C. § 7511(a)(1)(C)(ii). That provision defines a nonpreference eligible individual in the excepted service as an "employee" if the individual "has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." The administrative judge ruled that Mr. Carrow could not satisfy the requirement that he have completed two years of current, continuous service in an executive branch agency because he had not completed two years of service within the DVA at the time of his removal. In the administrative judge's view, the statute did not permit Mr. Carrow to aggregate his service in the Department of the Army with his service in the DVA because the statutory

two years of service were required to be performed in the same executive branch agency.

Mr. Carrow petitioned this court for review of the Board's decision. Although we upheld several of the Board's rulings, we concluded that the Board's decision was erroneous in certain respects. We therefore vacated the Board's dismissal order and remanded the case to the Board for further proceedings.

At the outset, we upheld the administrative judge's findings that Mr. Carrow's position in the DVA was a temporary position pending board certification and that he was a probationary employee at the time of his removal. *See Carrow*, 564 F.3d at 1363-64. In light of the administrative judge's findings, we also rejected Mr. Carrow's argument that he was not adequately apprised of the relevant terms and conditions of his appointment within the DVA. *Id.* at 1364. Based on the administrative judge's findings and the administrative record, we upheld the administrative judge's conclusion that Mr. Carrow knowingly accepted a temporary appointment in the DVA under 38 U.S.C. § 7405(a)(1).

We disagreed with the Board's analysis in two respects, however. First, contrary to the ruling of the administrative judge, we held that under 38 U.S.C. § 7403(f)(3) Mr. Carrow was entitled to the protections of Chapter 75 of Title 5. Those protections include the right to appeal to the Merit Systems Protection Board with respect to "all matters relating to adverse actions." We therefore held that the administrative judge could not dismiss Mr. Carrow's appeal solely because he was appointed under 38 U.S.C. § 7405(a)(1). *See Carrow*, 564 F.3d at 1364-65. Second, we disagreed with the administrative judge's conclusion that, even under Title 5, Mr.

Carrow would not qualify as an "employee" because he had not completed at least two years of "current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C)(ii). The administrative judge interpreted the term "an Executive agency" to require that the two years of continuous service be within the same agency. However, we held that under governing regulations issued by the Office of Personnel Management, Mr. Carrow was entitled to aggregate service credit in more than one agency as long as his service with the two agencies was in "the same or similar positions." *Carrow*, 564 F.3d at 1365-66.

The remaining question before this court in the prior appeal was whether Mr. Carrow had been employed for two years "under other than a temporary appointment limited to 2 years or less," as required by 5 U.S.C. § 7511(a)(1)(C)(ii). We held that if he did not satisfy that provision, he would not qualify as an "employee" entitled to the civil service rights set forth in Title 5. Because the administrative judge had not addressed that issue, we remanded the case to the Board for further development of that jurisdictional question.

Following the remand from this court, the full Board in turn remanded the case to the administrative judge for further adjudication. After making additional findings, the administrative judge dismissed the appeal for want of jurisdiction. The administrative judge first found that at the time Mr. Carrow left his position with the Army and entered into service with the DVA, he was informed that his new position was a temporary position in the excepted service, not in the competitive service, and that his appointment would be temporary pending the completion of the boarding process. The administrative judge further

found, however, that Mr. Carrow was not specifically advised that his temporary appointment was limited to 13 months, i.e., that it was less than two years in length, which is the statutory trigger for Mr. Carrow to qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii). Nonetheless, the administrative judge ruled that the DVA's failure to advise Mr. Carrow that his temporary appointment was for less than two years did not render his decision to leave his position with the Army involuntary and did not give the Board jurisdiction over his appeal.

In analyzing Mr. Carrow's claim, the administrative judge noted that the Board has held that when accepting an appointment in a different agency, the employee is responsible for determining the consequences of the change of positions and it is "not incumbent on the new employing agency to inform an employee of the consequences of the change." In that regard, the administrative judge quoted the Board's decision in *Park v. Department of Heath & Human Services*, 78 M.S.P.R. 527, 535 (1998), which noted that a "new employing agency may not possess and cannot be expected to have specific knowledge of the terms of the potential employee's previous employment," and thus "[i]t should not have the same obligation to advise the employee of all possible consequences of changing positions." Accordingly, the administrative judge concluded that the DVA had not breached any duty it owed to Mr. Carrow and that he was not entitled to a change in his appeal rights based on any such breach.

II

Because he was not informed of the terms of his DVA appointment that resulted in the loss of his Title 5 rights, Mr. Carrow argues that his decision to accept the ap-

pointment with the DVA was involuntary and thus ineffective. As a consequence, he argues, he continued to hold the Title 5 rights that he enjoyed while he was employed by the Department of the Army, and the DVA's decision to terminate him without granting him the procedures afforded by Title 5 was contrary to law. Because his termination was unlawful, he contends that he is entitled to reinstatement to his DVA position with back pay pending the application of the procedures mandated by Title 5.

The dispositive flaw in Mr. Carrow's argument is that the Board lacks jurisdiction over his claim. Subchapter II of Chapter 75 of Title 5 of the United States Code sets forth certain protections to which a person with the status of an "employee" is entitled when certain actions are proposed against him, including removal. *See* 5 U.S.C. § 7511(a)(1), (b) (defining "employee" for subchapter II); *id.* §§ 7511 (a)(2)-(5), 7512 (listing and defining the actions to which subchapter II applies); *id.* § 7513(b) (listing the procedural protections for any "employee" against whom such an action is proposed). In addition, subchapter II gives such an "employee" the right to appeal from such an action to the Merit Systems Protection Board. *Id.* § 7513(d).

The term "employee," which is the statutory trigger for an appeal to the Board from an adverse action such as a disciplinary removal, is defined in 5 U.S.C. § 7511(a)(1).[1] The critical statutory language, for present purposes, defines the term "employee" to include an individual in the excepted service "who has completed 2

---

[1]    By regulation, a probationer who is removed during his probationary period may appeal to the Board, but only on limited grounds. *See* 5 C.F.R. § 315.806. That regulatory route to appeal is not at issue in this case.

years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." *Id.* § 7511(a)(1)(C)(ii). Mr. Carrow acknowledges that at the time of his removal he did not qualify as an "employee" under that statutory language because he was serving under a temporary appointment not to exceed 13 months. Nor, at the time of his removal, did he qualify as an "employee" under any of the other definitional provisions of section 7511(a)(1). By the terms of the statute, then, Mr. Carrow was not entitled to the procedural protections of section 7513(b) or the right to appeal to the Board under section 7513(d).

In an effort to bring his case within the jurisdiction of the Board, Mr. Carrow relies on a line of cases from this court holding that in certain instances an employee may appeal to the Board from a resignation or retirement if the employee can show that the resignation or retirement was involuntary. *See Middleton v. Dep't of Def.*, 185 F.3d 1374, 1379 (Fed. Cir. 1999); *Latham v. U.S. Postal Serv.*, 909 F.2d 500, 502 (Fed. Cir. 1990); *Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 941-42 (Fed. Cir. 1984). The rationale underlying those cases is that a resignation or retirement that is involuntary because it was obtained by misleading or coercive conduct on the part of the agency amounts to a constructive removal action and thus falls within the provisions of subchapter II allowing an employee to appeal to the Board from a removal action. *See Anderson v. Merit Sys. Prot. Bd.*, 12 F.3d 1069, 1071 n.4 (Fed. Cir. 1993) ("This court has held, in short, that involuntary resignation is removal; and removal does not strip an employee of the right to MSPB review of the decision to terminate."); *Burgess v. Merit Sys. Prot. Bd.*, 758 F.2d 641, 643 (Fed. Cir. 1985).

That line of cases has no application in this case. Those cases all involved claims by persons who were statutory "employees" at the time of the action in question. The only issue bearing on the Board's jurisdiction was whether those employees should be characterized as having been "removed" as opposed to having resigned or retired. In this case, it is indisputable that Mr. Carrow was not an "employee" at the time he was removed from his position at the DVA. He had previously been an employee when he was employed with the Department of the Army, but he is not seeking reinstatement to his position with the Army or suggesting that the Army acted improperly in some manner that induced him to leave his position there. Instead, his argument is that the DVA failed to give him complete information about the circumstances of his DVA appointment from which he might have ascertained that, by accepting the DVA position, he was giving up the rights granted to "employees" under section 7513. Even if his factual allegations are true, his legal argument fails because section 7513(d) does not give the Board jurisdiction over an appeal from a removal by a person who does not qualify as an "employee." *See Anderson*, 12 F.3d at 1071 n.4 (in an appeal from an adverse action against an appellant who does not qualify as a statutory "employee," the appellant may not invoke the "involuntary resignation" theory of Board jurisdiction). By statute, Mr. Carrow's position with the DVA did not carry Board appeal rights, and the DVA's failure to advise Mr. Carrow of the terms of his appointment does not create appeal rights for positions as to which Congress has not given the Board appellate jurisdiction. Mr. Carrow has not suggested that there is any statutory or regulatory requirement that he be given such notification, nor does he point to any authority supporting his contention that, in the absence of such notification, he is entitled as a matter of due process to retain his previous appeal

rights in his new position. Accordingly, we hold that any failure on the part of the DVA to provide full information to Mr. Carrow regarding the terms of his employment with the DVA did not give the Board jurisdiction over his appeal seeking reinstatement to his position at the DVA.

The Board has reached essentially the same result in similar cases, although it has followed a different line of analysis. In *Park v. Department of Health & Human Services, supra*, an employee transferred from a position with one agency in which he enjoyed full appeal rights to a position in a different agency in which he was required to serve a probationary period. When the employee was notified that he would be terminated during his probationary period, he sought to appeal to the Merit Systems Protection Board. The employee argued, *inter alia*, that he could not be treated as a probationary employee in his new position because he had not been told that he would have to serve a probationary period in that new position. The Board noted that it had adopted a rule that the employing agency must inform an employee of the effect of a change in tenure when the employee relinquishes an appointment having adverse action appeal rights to accept another appointment within the same agency that lacks such appeal rights. *Park*, 78 M.S.P.R. at 534, citing *Exum v. Dep't of Veterans Affairs*, 62 M.S.P.R. 344, 349-50 (1994). In such a case, the Board explained, an employee who has not knowingly consented to the loss of appeal rights is deemed not to have surrendered those rights when accepting the new appointment within the same agency. However, the Board held that when an employee has left an appointment with one agency to accept an appointment with another agency, "the situation is different." *Park*, 78 M.S.P.R. at 534. Because the new employing agency "may not possess and cannot be expected to have specific knowledge of the terms of the potential

employee's previous employment," it does not have an obligation to inform the employee "of the effect of the appointment on his Chapter 75 adverse action appeal rights." *Id.* at 535.

The administrative judge in this case relied on the *Park* rule in holding that the DVA was not required to inform Mr. Carrow that his appointment would result in the loss of his appeal rights, and therefore Mr. Carrow could not invoke those rights as a means of obtaining Board review of his removal. Because the *Park* rule led the Board to the same result that we reach in this case, it is not necessary for us to decide whether the Board's analysis in this case (or in the *Park* line of cases) was correct. We likewise have no occasion in this case to approve or disapprove the Board's rule in *Exum* and its progeny that if an employee moves within the same agency from a position with appeal rights to one lacking appeal rights and the agency does not inform him of the effect the move will have on his appeal rights, the employee will be deemed to have retained those rights. *See Rice v. Merit Sys. Prot. Bd.*, 522 F.3d 1311, 1317-18 (Fed. Cir. 2008); *Yeressian v. Dep't of the Army*, 112 M.S.P.R. 21, 27 (2009); *Pagan v. U.S. Postal Serv.*, 111 M.S.P.R. 212, 215 (2009); *Exum*, 62 M.S.P.R. at 349-50.

For the foregoing reasons, we agree with the Board that it lacked jurisdiction over Mr. Carrow's appeal.

No costs.

**AFFIRMED**