NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES H. TARR,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3208

---

Petition for review of the Merit Systems Protection Board in Case No. DE315H090407-B-1.

---

Decided: February 8, 2012

---

JAMES A. TARR, of Grand Junction, Colorado, pro se.

DAVID S. BROOKS, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## DECISION

Petitioner James H. Tarr seeks review of an order of the Merit Systems Protection Board dismissing his appeal from his termination on the ground that it was not within the Board's jurisdiction. We affirm.

## BACKGROUND

In July of 2008, Mr. Tarr entered the federal competitive service with an appointment to a Housekeeping Aid position at a Medical Center operated by the Department of Veterans Affairs ("DVA"). His appointment was subject to a one-year probationary period. During a probationary period, an appointee has no statutory right, and very limited regulatory rights, to appeal any termination decision. *See* 5 C.F.R. §§ 315.805-.806.

Before the expiration of his probationary period, Mr. Tarr was terminated for inappropriate behavior, consisting of disrespectful and aggressive behavior towards staff and patrons of the Medical Center. He sought to appeal his removal to the Merit Systems Protection Board, arguing that his removal was improper for two reasons: First, he alleged that the DVA had discriminated against him because of his diagnosed post-traumatic stress disorder ("PTSD"). Second, he alleged that the DVA had removed him because, 18 months prior to his appointment, he had reported to the FBI that a DVA official's husband had worn military awards and decorations that he had not earned.

The administrative judge who was assigned to his case initially dismissed Mr. Tarr's appeal as being outside the jurisdiction of the Board because Mr. Tarr failed to allege that his removal was based on partisan political reasons or marital status, the only two types of in-service conduct that can give rise to Board review of a probationary employee's removal. 5 C.F.R. § 315.806(b). On Mr. Tarr's petition for review, the full Board remanded the case to the administrative judge. The full Board concluded that Mr. Tarr had sufficiently alleged a third ground for appeal—that he was terminated because of conditions arising before his appointment and that the termination was not effected in accordance with procedures set out in 5 C.F.R. § 315.805. *See id.* § 315.806(c).

On remand, the administrative judge held an evidentiary hearing at the conclusion of which she ruled that Mr. Tarr had not shown that his removal was due to pre-appointment reasons. She therefore held that he had failed to establish that the Board had jurisdiction over his appeal. When the full Board denied Mr. Tarr's petition for review, he sought review by this Court.

DISCUSSION

Mr. Tarr argues that he has a right to appeal his termination under 5 C.F.R. § 315.806(c). The right to appeal under that regulation is available to probationary employees who are dismissed in whole or in part based on pre-employment conditions. In such appeals, the probationary employees' appellate rights are limited to claims that they have been denied the procedural rights set forth in 5 C.F.R. § 315.805.

The administrative judge concluded that Mr. Tarr failed to show that his termination was based on pre-

employment conditions, and the record supports that conclusion. The administrative judge noted that, besides his bare allegations, Mr. Tarr failed to submit any evidence to support his claim that he was removed either because of his PTSD or his alleged act of whistleblowing. With regard to his PTSD claim, the administrative judge observed, Mr. Tarr did not testify, and he "failed to submit any testimonial or documentary evidence of a medical diagnosis of PTSD, or that he was perceived as suffering from PTSD, or that his termination by the agency was due to his medical condition of PTSD, or a perception that he suffered from PTSD." With regard to his allegation of retaliation for whistleblowing, the administrative judge pointed out that Mr. Tarr failed to present any evidence that he reported the husband of a DVA official for wearing unearned military awards and decorations.

The DVA presented substantial evidence that Mr. Tarr was terminated because of complaints by other employees about his inappropriate behavior. The record contains documented reports of Mr. Tarr yelling at several staff members and accosting a visitor to the Medical Center. Although Mr. Tarr contends that those incidents occurred during periods when he was merely a visitor or a patron of the facility, that contention is not borne out by the record. From that evidence, the administrative judge concluded that the DVA had established by preponderant evidence that the basis for Mr. Tarr's termination was his post-appointment misconduct in the workplace. We hold that the administrative judge's conclusion on that issue was supported by substantial evidence.

We also reject Mr. Tarr's assertion that the administrative judge improperly limited the number of witnesses he was allowed to call at the evidentiary hearing. The administrative judge allowed Mr. Tarr to call six of the

twelve witnesses he listed, but initially denied him the right to call the remaining six witnesses on his list due to what she referred to as "the vagueness of the description of their proposed testimony." She advised Mr. Tarr that she would allow the others to testify if Mr. Tarr "identified the specific events or dates about which each of the requested witnesses would be testifying." Mr. Tarr did not provide the additional information, and he has not explained what additional value those six witnesses would have added to his case. In light of Mr. Tarr's failure to set forth the events about which those witnesses would testify, we hold that the administrative judge's decision to exclude them did not constitute an abuse of discretion. *See Fellhoelter v. Dep't of Agric.*, 568 F.3d 965, 972 (Fed. Cir. 2009).

Mr. Tarr points to a decision by the Colorado Department of Labor and Employment, which concluded that there was insufficient evidence to support a determination of fault regarding his termination and therefore ruled that he was entitled to unemployment benefits. That decision, he contends, should be given preclusive effect in this case, and the fact that the DVA did not exercise its right to respond in the Colorado unemployment benefits proceeding forecloses it from defending its action in removing him. Those contentions lack merit. The DVA's failure to appeal in a separate state unemployment proceeding does not abrogate any appeal rights it has before the Board. Moreover, the claims, issues, and burdens in the two proceedings are sufficiently different that the outcome of the unemployment case would have no preclusive effect in the Board proceedings in any event.

The short of the matter is that Mr. Tarr was terminated because his "conduct during [the probationary] period fail[ed] to demonstrate his fitness . . . for continued

employment," 5 C.F.R. § 315.804(a), not because of any "conditions arising before his appointment," *id.* § 315.805. As such, the Board correctly concluded that it lacked jurisdiction over his appeal. *Id.* § 315.806(a); *see Carrow v. Merit Sys. Prot. Bd.*, 626 F.3d 1348, 1352 (Fed. Cir. 2010).

No costs.

**AFFIRMED**