NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE ALAN LEVINE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3171

---

Petition for review of the Merit Systems Protection Board in No. DC0752100529-I-1.

- - - - - - - - - - - - - - - - - - - -

**LAWRENCE ALAN LEVINE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3172

---

Petition for review of the Merit Systems Protection Board in No. DE315H110517-I-1.

—————————————

Decided:  May 13, 2013

—————————————

LAWRENCE ALAN LEVINE, of Leavenworth, Kansas, pro se.

SARA B. REARDEN, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

—————————————

Before PROST, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

Lawrence Alan Levine seeks review of two final orders of the Merit Systems Protection Board ("board"): *Levine v. Dep't of the Army*, No. DC-0752-10-0529-I-1, 2012 MSPB LEXIS 3400 (June 14, 2012) ("*Timeliness Order*"); *Levine v. Dep't of the Army*, No. DE-315H-11-0517-I-1, 2012 MSPB LEXIS 3399 (June 14, 2012) *("Jurisdictional Order"*).  We *affirm* both orders.

## I. BACKGROUND

In February 2010, Levine began working for the United States Army as an Intelligence Specialist.  This position was subject to the completion of a one-year trial period.  In a letter dated April 12, 2010, the Army notified Levine that he was being removed from his position "because [his] work performance during [his] trial period fail[ed] to demonstrate . . . fitness and qualification for continued employment."

Levine appealed his termination to the board, arguing that the Army's removal decision was based upon "incom-

plete and inaccurate information." In an initial decision dated August 5, 2010, an administrative judge dismissed the appeal for lack of jurisdiction. Citing 5 U.S.C. § 7511(a)(1)(B), the judge explained that board appeal rights are generally available only to those employees who have "completed 1 year of current continuous service in the same or similar positions in an Executive agency or in the United States Postal Service or Postal Rate Commission." Because Levine had less than one year of continuous government service at the time of his removal—and he made no non-frivolous allegations that his termination was based upon his marital status or partisan political reasons—the administrative judge concluded that the board had no jurisdiction over his appeal. The judge rejected Levine's argument that he had a right to appeal to the board because he was hired pursuant to the Veterans Readjustment Act ("VRA"), noting that the "unrefuted record" established that Levine was not hired pursuant to the VRA.

The administrative judge's initial decision specifically informed Levine that if he wished to file a petition for review with the board, he was required to do so by September 9, 2010. Levine, however, did not file a petition for review until December 19, 2011, more than fifteen months after the filing deadline. On June 14, 2012, the board issued a final order dismissing his petition for review as untimely filed. The board noted that Levine's filing delay was "quite lengthy," *Timeliness Order*, 2012 MSPB LEXIS 3400, at *3, and concluded that he had failed to show good cause for the delay, *id.* at *5.

On April 25, 2011, Levine secured a new position with the Army, this time as a Training Instructor with the Army's Counterinsurgency Center. This appointment was also subject to a one-year probationary period. In his application for the position, Levine averred that he had not been "fired from any job for any reason" in the previous five years.

On July 1, 2011, the Army notified Levine that it proposed to remove him from his position as a Training Instructor based upon his failure to disclose that he had previously been terminated from his position as an Intelligence Specialist. The Army provided him with an opportunity to respond to the proposed termination notice, and Levine thereafter submitted a lengthy response. The Army subsequently issued a written notice informing Levine that he would be removed from his position effective August 2, 2011.

Levine appealed to the board. On September 13, 2011, an administrative judge issued an acknowledgment order informing Levine that the board might not have jurisdiction over his appeal because he was serving as a probationary employee at the time of his termination. In response, Levine indicated that he had been in contact with Army employees, including officials in the Office of Inspector General, regarding his termination and that he had "made good-faith attempts to resolve [the] matter through the chain of command."

In an initial decision, dated November 14, 2011, the administrative judge dismissed Levine's appeal for lack of jurisdiction. The judge determined that the board had no jurisdiction over the appeal because he was terminated from his position as a Training Instructor during his probationary period and the Army had fully complied with the procedures required by 5 C.F.R. § 315.805 when it removed him.

Levine then filed a timely petition for review with the board, but the board denied his petition on June 14, 2012. The board rejected the argument that the Army had failed to follow the procedural requirements set forth in section 315.805, concluding that Levine had been properly provided with advance written notice of his proposed termination and that the Army had afforded him an adequate opportunity to respond to the notice

proposing his removal. *Jurisdictional Order*, 2012 MSPB LEXIS 3399, at *6-7.

Levine subsequently filed two appeals with this court: (1) an appeal seeking review of the board's decision to dismiss, as untimely filed, his petition for review of the initial decision dismissing his challenge to the Army's decision to remove him from his position as an Intelligence Specialist; and (2) an appeal seeking review of the board's decision denying his petition for review of the initial decision dismissing, for lack of jurisdiction, his challenge to the Army's decision to terminate him from his position as a Training Instructor. We granted Levine's motion to consolidate his appeals on April 25, 2013.

## II. DISCUSSION

Our review of a decision of the board is circumscribed by statute. We can set aside a board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the board's decisions regarding its own jurisdiction without deference. *King v. Briggs*, 83 F.3d 1384, 1387 (Fed. Cir. 1996).

### A. THE BOARD'S TIMELINESS ORDER

We turn first to Levine's challenge to the Army's decision to remove him from his position as an Intelligence Specialist. In its *Timeliness Order,* the board concluded that Levine had failed to establish good cause for his fifteen-month delay in filing his petition for review of the initial decision dismissing his appeal for lack of jurisdiction. The board "has broad discretion to control its own docket." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994). Accordingly, "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the

Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

A petitioner who files a petition for review past the filing deadline bears the burden of establishing that there was "good cause" for his delay. *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003). Factors important in determining whether there was good cause for an untimely filing include the length of the delay, whether the petitioner was notified of the time limit, the existence of circumstances beyond the petitioner's control that affected his ability to comply with the deadline, and whether there was any unavoidable misfortune or other circumstance that may have prevented the timely filing of a petition for review. *Id.*

As the board correctly determined, Levine failed to establish good cause for filing his petition for review fifteen months past the filing deadline. Levine's filing delay was substantial, and he presented no evidence showing that he acted with due diligence or ordinary prudence in attempting to meet the filing deadline. Before the board, Levine asserted that he had good cause for his untimely filing because he had only recently learned that the Army should have provided him with appeal rights to the Secretary of Defense before terminating him from his position as an Intelligence Specialist. However, he failed to cite any statute or regulation that gave him the right to appeal his termination directly to the Secretary of Defense. *See Timeliness Order*, 2012 MSPB LEXIS 3400, at *4-5.

On appeal, Levine alleges that he "began to experience harassment from defense contract management" soon after he arrived in Afghanistan, and that when he attempted to use "government-furnished computers to support his mission, he was publically accused of having

an 'entitlement mentality.'" He further asserts that his "confidential medical information" was improperly disclosed to employees of a defense contractor. Levine alleges, moreover, that various individuals took part "in a deliberate campaign to malign [his] integrity, reputation and honor." These unsupported allegations do not, however, provide any reasonable explanation for why Levine waited fifteen months after the filing deadline to file his petition for review. Because the record contains no evidence demonstrating that circumstances beyond his control prevented Levine from submitting his petition for review in a timely manner, the board did not abuse its discretion in refusing to waive the filing deadline. *See Zamot*, 332 F.3d at 1377 (explaining that a petitioner bears a "heavy burden" when attempting to show "that the Board abused its discretion in finding that he failed to show good cause for the delay in filing his petition for review").

## B. THE BOARD'S JURISDICTIONAL ORDER

The board likewise correctly determined that it had no jurisdiction to consider Levine's appeal challenging the Army's decision to remove him from his position as a Training Instructor. As discussed previously, the Army removed Levine, during his probationary period, for failing to disclose the fact that he had previously been terminated from his position as an Intelligence Specialist. Probationary employees have very limited rights to appeal to the board. *See Carrow v. Merit Sys. Prot. Bd.*, 626 F.3d 1348, 1352 (Fed. Cir. 2010); *Bante v. Merit Sys. Prot. Bd.*, 966 F.2d 647, 649-50 (Fed. Cir. 1992). In general, a probationary employee can appeal to the board only if he makes non-frivolous allegations that: (1) he was terminated based on marital status or for partisan political reasons; or (2) he was terminated for pre-appointment reasons and the agency failed to follow the procedures required by section 315.805. *See* 5 C.F.R. § 315.806;

*Pierce v. Gov. Printing Office*, 70 F.3d 106, 108 (Fed. Cir. 1995).

As the board correctly determined, Levine failed to carry his burden of establishing that the board had jurisdiction over his appeal. *See Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc) (explaining that the petitioner bears the burden of establishing board jurisdiction by a preponderance of the evidence). Before the board, he made no non-frivolous allegations that he was terminated based on his marital status or for partisan political reasons. The record shows, moreover, that the Army followed the procedures mandated by section 315.805 when it removed Levine from his position as a Training Instructor. *See Younies v. Merit Sys. Prot. Bd.*, 662 F.3d 1215, 1218 (Fed. Cir. 2011) ("The right to appeal under § 315.806(c) is only available to those probationary employees who qualify for, but allegedly do not receive, the termination procedures of § 315.805."). He was provided with advance written notice of the reasons for his proposed termination, and was given fourteen days to prepare a response to this notice. Levine submitted a lengthy response, which totaled 145 pages with enclosures. After receiving this response, the Army provided Levine with written notice of its final decision to terminate him effective August 2, 2011. *See Jurisdictional Order*, 2012 MSPB LEXIS 3399, at *6-7.

Levine contends that he has a "Liberty Interest that demands redress through Due Process of Law and provides [board] jurisdiction." We disagree. A government employee who has completed his probationary period is afforded a number of protections, including, under many circumstances, the right to appeal adverse actions to the board. *See* 5 U.S.C. § 7513. Probationary employees such as Levine do not, however, have the same procedural rights and can appeal to the board only under very limited circumstances. *See* 5 C.F.R. § 315.803(a) ("The agency shall utilize the probationary period as fully as

possible to determine the fitness of the employee and shall terminate his services during this period if he fails to demonstrate fully his qualifications for continued employment.").

We have considered Levine's remaining arguments but do not find them persuasive. We therefore *affirm* both the board's *Timeliness Order* and its *Jurisdictional Order*.

**AFFIRMED**