**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DONALD J. LAVOY, | DOCKET NUMBER |
| Appellant, | DC-0752-21-0352-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: April 18, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John J. Rigby, Esquire, Arlington, Virginia, for the appellant.

Stephanie Ramjohn Moore, Esquire, Washington, D.C., for the agency.

Carlos Ricardo Ramirez Perez, Esquire, Albuquerque, New Mexico, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective January 30, 2000, the appellant was appointed to Project Manager of Consolidation Activities with the U.S. Department of Housing and Urban Development (HUD), a position within the Senior Executive Service (SES). Initial Appeal File (IAF), Tab 7 at 14. The appellant thereafter held a series of different SES positions with HUD until September 15, 2019, when he was appointed to the position of Deputy Undersecretary for Rural Development (DURD) at the U.S. Department of Agriculture (USDA). IAF, Tab 5 at 13, Tab 7 at 5, 15, 21. The appellant retired from Federal service on March 28, 2020, approximately 6 months after accepting the position at the USDA. IAF, Tab 9 at 51.

On April 18, 2021, the appellant filed an appeal with the Board alleging that his retirement had been involuntary.[2] IAF, Tab 1 at 4, 6. He requested a hearing on the matter. *Id.* at 2. Shortly thereafter, the agency requested that the administrative judge issue a show cause order, contending that the appellant's appointment to his position at the USDA had been a "noncareer appointment" and that "a noncareer appointee may be removed at any time." IAF, Tab 5 at 5-6. The agency seemingly argued in the alternative that, even assuming that the Board had jurisdiction over an adverse action taken against the appellant, the appellant had failed to make a nonfrivolous allegation that his retirement had been involuntary. *Id.* at 6-7. The administrative judge thereafter issued a show cause order directing the appellant to file evidence and argument regarding jurisdiction. IAF, Tab 6 at 1-4.

In response, the appellant averred that he had received a career appointment in the SES and had served in a series of SES career reserved positions before transferring to the USDA. IAF, Tab 7 at 5. He contended that, although the DURD position at the USDA "was not a career-reserved position," he nonetheless "did not lose his career status while serving in the position." *Id.* (punctuation as in original). With his response, the appellant provided paperwork indicating that he had received a "noncareer" appointment to the DURD position. *Id.* at 19. He contended that, although the paperwork regarding his appointment as DURD did not reflect career status in the SES, the paperwork was not dispositive. *Id.* at 8. He more broadly argued that "once someone obtains 'career appointee' status in the SES, he or she does not lose that status by serving in a position which could be occupied by a non-career appointee." *Id.* at 7

---

[2] Prior to filing his Board appeal, on June 22, 2020, the appellant filed a formal equal employment opportunity compliant alleging that he had been discriminated against on the basis of age, sex, and disability when he was purportedly compelled to retire. IAF, Tab 8 at 44-46. After the USDA failed to issue a final agency decision within 120 days from the date on which he filed his formal complaint, the appellant appealed to the Board. *Id.* at 41-43.

(punctuation as in original).  The appellant also reasserted that his retirement had been involuntary.  *Id.* at 9-10.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the matter for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID) at 1, 12.  The administrative judge concluded that the appellant had failed to make a nonfrivolous allegation that he was an "employee" under 5 U.S.C. § 7511(a) and 5 C.F.R. § 752.601 and, therefore, lacked Board appeal rights.  ID at 10.  In so concluding, she reasoned that it was undisputed that the appellant had been appointed to an excepted service, noncareer SES position pursuant to 5 U.S.C. § 3394(a)[3] and, therefore, that he could have been removed at any time.  ID at 10-11.  She also reasoned that the appellant's appointment letter had clearly communicated to him that he was being offered a noncareer SES position without any appeal rights.  ID at 11-12.  The administrative judge explained that, given her findings regarding the nature of the appellant's appointment to his position at the USDA, she need not address whether he had made a nonfrivolous allegation that his retirement was involuntary.  ID at 12 n.2.  She also dismissed as moot an outstanding motion to compel discovery filed by the appellant.  *Id.*

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-4.  In his petition and reply, the appellant (1) contends that he could not have lost his career status in the SES by switching to another SES position without a break in service and (2) avers that the administrative judge failed to consider his motion to compel discovery.  PFR File, Tab 1 at 4-11, Tab 4 at 4-9.

---

[3] The initial decision mistakenly indicated that the appellant had been appointed pursuant to 5 U.S.C. § 3394(A).  ID at 10.  This misstatement did not prejudice the appellant's substantive rights and therefore provides no basis for reversal of the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

**DISCUSSION OF ARGUMENTS ON REVIEW**

The SES consists of career reserved positions, which can be held only by a career appointee, and general positions, which can be held by either a career appointee or a noncareer appointee.[4]  5 U.S.C. § 3132(a)(8)-(9); *Acting Special Counsel v. U.S. Customs Service*, 31 M.S.P.R. 342, 345 (1986); 5 C.F.R. § 214.401.  A career appointee can appeal suspensions for more than 14 days and removals to the Board if the appointee has completed his SES probationary period, was not required to serve an SES probationary period, or was covered under 5 U.S.C. § 7511 immediately prior to his appointment to the SES.[5]  *See* 5 U.S.C. §§ 7541(1), 7542, 7543(d); 5 C.F.R. § 752.601(a), (c).  A noncareer appointee, by contrast, does not acquire status with the SES and may be removed from his SES position at any time.  5 C.F.R. § 317.605(a)-(b).

<u>We discern no basis to disturb the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.</u>

The appellant argues that, because he was an SES career appointee at HUD, he remained a career appointee throughout his tenure at the USDA.  PFR File, Tab 1 at 7-9.  In so arguing, he emphasizes that he changed SES positions without a break in service.  *Id.* at 4-5, 9.  To support his argument, the appellant directs the Board's attention to 5 U.S.C. § 3132(a)(4),[6] which defines "career appointee"

---

[4] A "career appointee" means an individual in an SES position whose appointment to the position or previous appointment to another SES position was based on approval by the Office of Personnel Management of the executive qualifications of such individual, whereas a "noncareer appointee" means an individual in an SES position who is not a career appointee, a limited term appointee, or a limited emergency appointee.  5 U.S.C. § 3132(a)(4), (7); 5 C.F.R. § 214.201.

[5] Agencies, however, may take an adverse action against a career SES appointee only "for misconduct, neglect of duty, malfeasance, or failure to accept a directed reassignment or to accompany a position in a transfer of function."  5 U.S.C. § 7543(a); *see McNair v. Equal Employment Opportunity Commission*, 116 M.S.P.R. 315, ¶ 6 (2011).

[6] The appellant also directs the Board's attention to 5 C.F.R. § 214.201; however, this regulatory provision merely adopts the statutory definition of "career appointee."  PFR File, Tab 4 at 6.

as an individual in the SES whose "appointment to the position *or previous appointment to another [SES] position* was based on approval by the Office of Personnel Management [(OPM)] of the executive qualifications of such individual." PFR File, Tab 1 at 7, Tab 4 at 5-6 (emphasis added).

The appellant's apparent interpretation of the statute, i.e., that a career appointment in the SES is immutable as long as the employee remains in the SES without a break in service, stands in contrast to OPM's regulations regarding SES appointments. To this end, 5 C.F.R. § 317.904, which is entitled "Change in type of SES appointment," provides as follows: "[a]n agency may not require a career SES appointee to accept a noncareer or limited SES appointment as a condition of appointment to another SES position." The provision also provides that, should a career appointee choose to accept a noncareer appointment, the voluntary nature of the action must be documented. 5 C.F.R. § 317.904. Thus, OPM contemplated the possibility that a career SES appointee might voluntarily accept a noncareer appointment, which would amount to a "[c]hange in [the] type of [his] SES appointment." *See id.* We therefore find unavailing the appellant's contention that 5 U.S.C. § 3132(a)(4) precludes the conversion of a career appointment to a noncareer appointment when there is no break in service.[7] *See Johnston v. Office of Personnel Management*, 70 M.S.P.R. 109, 117 (explaining that the Board generally defers to OPM's interpretation of a statute that it is charged with implementing if OPM's interpretation is reasonable), *aff'd*, 99 F.3d 1160 (Fed. Cir 1996) (Table).

The appellant also argues that the Board's decision in *Acting Special Counsel* supports his position that the Board has jurisdiction over his appeal. PFR File, Tab 1 at 6-7, Tab 4 at 5-7. To this end, he avers that the Board stated in *Acting Special Counsel* that, "once someone obtains 'career appointee' status

---

[7] The "previous appointment" language in 5 U.S.C. § 3132(a)(4) would have applied to the appellant throughout the course of his tenure at HUD, during which time he accepted a series of reassignments within the SES. PFR File, Tab 1 at 5; IAF, Tab 7 at 5, 15, 21; *see* 5 C.F.R. § 317.901.

in the SES, he or she does not lose that status by serving in a position which could be occupied by a non-career appointee."[8] PFR File, Tab 1 at 7, Tab 4 at 6 (punctuation as in original). We agree with this statement; indeed, as discussed above, general positions in the SES can be held by either a career appointee or a noncareer appointee. 5 U.S.C. § 3132(a)(9). The statement, however, is inapposite here. The administrative judge did not conclude merely that the appellant had served in a position that could have been occupied by either a career appointee or a noncareer appointee; rather, she concluded that it was undisputed that the appellant had received a noncareer appointment to his position at the USDA pursuant to 5 U.S.C. § 3394(a).[9] ID at 10. The appellant does not discernably challenge this finding on review. Accordingly, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.[10]

---

[8] In *Acting Special Counsel*, a whistleblower retaliation case, the Board considered whether the appellant, an SES career appointee who was also a reemployed annuitant, occupied a position that constituted a "covered position" under 5 U.S.C. § 2302(a)(2)(B). 31 M.S.P.R. at 344-46. In concluding that he did, the Board explained that "[w]hether an employee has tenure rights is not determinative of whether an employee is in a covered position under 5 U.S.C. § 2302(a)(2)(B)." *Id.* at 346. In other words, the Board explicitly indicated that it was not rendering a determination regarding the employee's chapter 75 appeal rights insofar as such a determination was subject to a different legal standard. *See id.* Thus, to the extent the appellant contends that *Acting Special Counsel* is otherwise relevant to his appeal, PFR File, Tab 4 at 5, his contention is unavailing.

[9] In finding that the appellant received a noncareer appointment to the USDA, the administrative judge referenced documentary evidence submitted by the agency, to include the appellant's appointment letter and Standard Form 50. ID at 11-12; IAF, Tab 9 at 52-55. We are mindful that an administrative judge may not deny the appellant the right to a hearing by crediting the agency's interpretation of the evidence nor may she weigh evidence to resolve the parties' conflicting assertions. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Here, however, the appellant did not challenge the veracity of the agency's evidence; indeed, the appellant himself provided a document indicating that his appointment to the USDA had been "noncareer" in nature. IAF, Tab 7 at 19. Instead, he ostensibly alleged that the paperwork was "not determinative" because he could not have lawfully relinquished his career SES status by virtue of accepting the position at the USDA. *Id.* at 5-8.

The appellant's assertion regarding his motion to compel does not warrant a different outcome.

The appellant asserts that he sought to compel "discovery from the USDA to obtain emails that would confirm" that USDA human resources personnel erroneously informed him that "he would not lose his career SES status" by accepting the DURD position with the agency; however, the administrative judge "failed to consider" his motion.[11] PFR File, Tab 1 at 9. We find this assertion unavailing.

When an appeal is dismissed for lack of jurisdiction, there is no prejudice to an appellant's substantive rights based on the absence of discovery that did not seek information that would establish the Board's jurisdiction. *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006). Here, the appellant contends that he sought information, i.e., emails that would have supported his allegation that agency personnel erroneously assured him that he would not lose his career status by accepting the appointment to the DURD position. PFR File, Tab 1 at 9. Again, however, the appellant does not discernably challenge the administrative judge's jurisdictionally dispositive conclusion that he received a noncareer appointment to the position pursuant to 5 U.S.C. § 3394(a); rather, he asserts that agency personnel provided him with erroneous advice regarding the implications of his appointment. ID at 10. Even assuming that they did so, a different outcome would not be warranted. *See Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1163 (Fed. Cir. 2018) (explaining that whether an employee's position carries statutorily created appeal rights, and not the circumstances surrounding the employee's appointment, is jurisdictionally dispositive); *see also Carrow v. Merit Systems Protection Board*, 626 F.3d 1348, 1352-53 (Fed. Cir. 2010) (concluding that the agency's failure to inform the

_____

[10] Because we so find, we need not consider whether the appellant made a nonfrivolous allegation that his retirement was involuntary.

[11] As discussed above, the administrative judge considered the appellant's motion; however, she dismissed it as moot. ID at 12 n.2.

appellant that his appointment would result in the loss of Board appeal rights did not confer jurisdiction on the Board).  Thus, we find the appellant's contentions regarding his motion to compel unavailing.

Accordingly, we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[12]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:      _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.