Donald G. ANDERSON, William K.
Popelka, and Gary Mueller,
Petitioners,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 93–3219.

United States Court of Appeals,
Federal Circuit.

Dec. 16, 1993.

Steven R. Milch, Crowley, Haughey, Hanson, Toole & Dietrich, of Billings, MT, argued, for petitioners.

Patricia Price, Atty., Merit Systems Protection Bd., of Washington, DC, argued, for

respondent. With her on the brief were Mary L. Jennings, Deputy Gen. Counsel and David C. Kane, Asst. Gen. Counsel. Of counsel were David M. Cohen, Director, and Thomas W. Petersen, Atty., Dept. of Justice, Washington, DC.

Before RICH, NEWMAN and PLAGER, Circuit Judges.

PLAGER, Circuit Judge.

This is an appeal from a final decision[1] of the Merit Systems Protection Board, dismissing for lack of jurisdiction a petition for review of an agency decision to remove employees. We *affirm* the decision of the Board.

## BACKGROUND

Anderson, Popelka, and Mueller were employees of the Government's General Services Administration (Government), custodians of the Federal Building in Billings, Montana. Petitioners are all combat veterans of the Vietnam War, and are eligible for appointment under the Veterans Readjustment Act (VRA). In 1990, petitioners were hired as temporary employees pursuant to 5 C.F.R. § 316.402(b).[2] The term of each appointment was one year. Anderson, Mueller, and Popelka began work on October 9, March 26, and April 30, 1990, respectively. Their appointments were renewed in 1991. Petitioners claim to have thought that their appointments were not "temporary" but were VRA appointments—after two years of service, a VRA appointee receives a protected position within the competitive system of federal employment. 5 C.F.R. §§ 307.101(e), 315.-705(a)(2).

---

1. In its decision of January 29, 1993, 56 M.S.P.P. 316, the full Board denied the petition for review, reopened the appeal under its own motion, and affirmed as modified the initial decision of October 1, 1992, Dkt. Nos. DE3443920451–I–1, DE3443920450–I–1, DE3443920452–I–1.

2. All citations to the Code of Federal Regulations are to the 1993 edition. All citations to the U.S. Code are to the 1988 edition.

By memorandum dated January 22, 1992, petitioners were notified that they would be terminated effective February 28, 1992. Upon learning of their proposed termination, petitioners sought and received a temporary restraining order in United States District Court for the District of Montana staying their removal. The Government moved to dismiss based on lack of jurisdiction. In granting the motion to dismiss and lifting the order, the district court cited the Merit Systems Protection Board (MSPB or Board) as the appropriate forum for petitioners' complaints.[3]

Petitioners were terminated June 27, 1992. Petitioners then sought review by the MSPB. The Government again moved to dismiss for lack of jurisdiction. In an initial decision dated October 1, 1992, an Administrative Judge (AJ) dismissed the petition for review, ruling that the MSPB had no jurisdiction over termination of temporary term-limited appointments. In a final decision dated January 9, 1993, the full Board upheld the dismissal. The Board disagreed with the AJ to the extent the AJ had held that the MSPB had no jurisdiction over appeals by temporary employees. The Board held that it had jurisdiction to review agency decisions to terminate "employees" as that term is defined by 5 U.S.C. § 7511(a)(1), which includes certain temporary employees. The Board held that on the facts of this case these petitioners were not employees over whom the MSPB had jurisdiction under the statute. Petitioners appeal to this court.

## DISCUSSION

The burden of establishing that the MSPB has jurisdiction over their appeal is upon petitioners. 5 C.F.R. § 1201.56(a)(2)(i). The gravamen of petitioners' appeal to the MSPB is that they understood their appointments to be VRA appointments, and that their positions would become protected positions in the competitive service. Thus they were misled into accepting their appointments as temporary employees.

Section 7513(d) of U.S. Code Title 5 gives the MSPB subject matter jurisdiction over agency decisions to remove an employee. An "employee" is defined as

an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment **under other than a temporary appointment limited to 1 year or less.**

5 U.S.C. § 7511(a)(1)(A) (emphasis supplied). Petitioners were hired on a one year temporary basis pursuant to the Code of Federal Regulations:

(b) *Noncompetitive temporary limited appointments.* An agency may give a **noncompetitive temporary limited appointment** without regard to the existence of an appropriate register to an individual in one of the categories set out below.

. . . .

(4) Any veteran who meets the qualifications for a veterans readjustment appointment is eligible for employment under this paragraph.

5 C.F.R. § 316.402 (emphasis supplied).

Petitioners were aware of the temporary character of their appointments. The SF–50 forms with which they were hired plainly stated that the positions they held were temporary. Petitioners also must have known that they were receiving fewer benefits, notably health care, than employees in the competitive service.

■ Petitioners do not deny that they were employed as temporary employees with one year appointments, but contend that the Government's misconduct in appointing them estops the Government from denying that they are protected employees within the competitive service. In essence, petitioners contend that they are employees in the competitive service by judicial construction, and therefore that the MSPB has subject matter jurisdiction over the decision to terminate them.

Petitioners argue that the MSPB is authorized to examine the Government's determination of employee status. In *Grigsby v. United States Dep't of Commerce,* 729 F.2d

---

**3.** The decision of the district court is currently on appeal to the Ninth Circuit.

772 (Fed.Cir.1984), the official record of employment, the SF–50, establishing Grigsby's status was wrong due to a clerical error. This court held that the appointment paper is "not a legally operative document controlling on its face an employee's status and rights." *Id.* at 776. In that case, the Government was able to show that Grigsby did not have the employment status indicated by the form.

In this case, petitioners use *Grigsby* to argue that the employment status shown on their SF–50 forms does not preclude their equitable estoppel argument. In *Grigsby,* however, the SF–50 did not accurately reflect the Government's intention with regard to employment status. Here, it is conceded, the Government's intention is accurately reflected in the SF–50; it is the propriety of the Government's intention that is at issue, not the correctness of the record of its intention.

Petitioners present no evidence that the form was incorrect, and that they are not in fact temporary appointees. In making their estoppel argument, petitioners assert just the opposite: that although appointed as temporary employees, their status was based on Government deception. Petitioners in effect argue that, while facially accurate, the SF–50 form is not legally controlling, leaving the MSPB, or this court, free to invent theories of jurisdiction. Even if petitioners' argument from *Grigsby* were accepted, it provides no affirmative support for petitioners' basic contention that MSPB jurisdiction may be derived from Government misconduct in the initial employment decision.

Petitioners quote a plethora of cases to show that the doctrine of equitable estoppel applies to the Government. Although estoppel is often mentioned in dicta, the cases that actually estop the Government are few and far between. Petitioners' best case, *Watkins v. United States Army,* 875 F.2d 699 (9th Cir.1989), concerned the employment status of a homosexual soldier in the U.S. Army. The court's jurisdiction to hear Watkins's case, however, was not based on his employment status. Nor was Watkins's standing to sue at issue. In short, Watkins had an authoritative forum in which he could argue the doctrine of estoppel. In the present case, in contrast to *Watkins,* it is precisely these threshold requirements of jurisdiction and standing that are contested, and that petitioners seek to satisfy through estoppel arguments. Petitioners place the cart before the horse. Estoppel requires a forum; it cannot be used to build a forum.[4]

It is important to understand what is at issue here. The question before us is not whether the Government behaved in a way that entitles these petitioners to redress; the question is only whether, if redress is to be sought, Congress has authorized the MSPB to provide it. Petitioners seek MSPB review of an agency action that they concede is unreviewable by the MSPB on a plain reading of the statute. For this court to hold for petitioners would improperly broaden the scope of MSPB authority to include equitable review of agency appointment processes.

At the district court, petitioners were dismissed for lack of jurisdiction in view of their

---

4. Petitioners' case is readily distinguished from cases in which an employee resigns from a protected position in the competitive service but later alleges the resignation was involuntary. Although as a general proposition resignation is presumed to be voluntary, and the MSPB has no authority to review loss of employment due to voluntary resignation, *Schultz v. United States Navy,* 810 F.2d 1133, 1135–36 (Fed.Cir.1987) (citation omitted), "[i]f however, the employee can demonstrate that the resignation was involuntary, then it must be treated as an adverse action, which invokes the [Civil Service Reform] Act, allowing the employee to appeal to the Board (and ordinarily entitling him to reinstatement and back pay)." *Latham v. United States Postal Serv.,* 909 F.2d 500, 502 (Fed.Cir.1990) (citation omitted). *See also Scharf v. Dep't of the*

*Air Force,* 710 F.2d 1572, 1574 (Fed.Cir.1983); *Burgess v. Merit Sys. Protection Bd.,* 758 F.2d 641, 643 (1985) "an involuntary resignation is a removal." Thus, an employee in the competitive service who is found to have involuntarily resigned from a protected position has a right to MSPB review under 5 U.S.C. §§ 7512(1), 7513(d) (1988). This court has held, in short, that involuntary resignation is removal, and removal does not strip an employee of the right to MSPB review of the decision to terminate. *See Covington v. Dep't of Health & Human Servs.,* 750 F.2d 937, 944 (1984). In this case, in contrast, the Government took actions allegedly adverse to job applicants, persons who did not, prior to the alleged adverse action, hold a protected position in the competitive service.

failure to exhaust their administrative remedies. The district court reasoned that Congress provided a comprehensive scheme of administrative review of agency employment policy under the Civil Service Reform Act of 1978, and concluded that it was inappropriate for the district court to interfere. This court affirms the MSPB ruling that it has no jurisdiction over the claims of these petitioners.

## CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED.**