Genaro BOFILL, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 01–3255.

United States Court of Appeals, Federal Circuit.

Dec. 4, 2001.

Before MAYER, Chief Judge, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Genaro Bofill seeks review of the final decision of the Merit Systems Protection Board ("the Board") affirming the dismissal of his appeal for lack of jurisdiction. *Bofill v. Dep't of Agric.,* 90 M.S.P.R. 23 (2001). For the reasons stated below, this court *affirms.*

Mr. Bofill was employed with the Animal Plant Health Inspection Service ("APHIS") as a Plant Protection Technician at the Port of Miami in Miami, Florida. APHIS is a division of the Department of Agriculture, ("the agency"). Mr. Bofill was assigned to Miami International Airport Operations, where his responsibilities included inspecting passengers, baggage, and cargo to enforce federal restrictions on the movement of plants, plant and animal products, animal by-products and equipment. Pursuant to 5 C.F.R. § 315.301, Mr. Bofill's employment was subject to a one-year probationary period,

which began on June 18, 2000, the day he was appointed.

On November 30, 2000, Mr. Bofill's supervisor, Eric Babilonia, the Acting Director of Airport Operations for Concourse F, issued a letter terminating Mr. Bofill's employment, effective at the close of business on December 2, 2000. The letter stated that the decision to terminate Mr. Bofill was based on several incidents of alleged misconduct occurring in October of 2000, during the probationary period of Mr. Bofill's employment. The alleged misconduct included swapping work schedules with another Plant Protection Technician without authorization and contrary to direct verbal and written instructions, as well as allowing passengers to exit the facility without going through proper inspection procedures.

After receiving the termination letter, Mr. Bofill appealed the removal decision to the Board. On appeal, Mr. Bofill argued that the agency committed harmful procedural error by failing to give him prior notice of the proposed termination. On February 28, 2001, an administrative judge ("AJ") of the Board dismissed Mr. Bofill's appeal for lack of jurisdiction. The AJ noted that Mr. Bofill bears the burden of proving by preponderant evidence that the Board possesses jurisdiction over his appeal, citing 5 C.F.R. § 1201.56(a)(2)(i). The AJ found that Mr. Bofill failed to meet this burden. He did not dispute that his appointment was terminated during his initial, one-year probationary period and that the termination was based on alleged misconduct occurring after his appointment. Consequently, the AJ held inapplicable the procedural requirements of 5 C.F.R. § 315.805, including notice prior to termination. Those requirements apply only where termination was based on pre-appointment reasons. The AJ concluded that as a probationary employee terminat-

ed for events occurring subsequent to his appointment, 5 C.F.R. § 315.806(b) limited Mr. Bofill's appellate rights before the Board to allegations that his termination was the result of discrimination based on partisan political reasons or marital status. Because Mr. Bofill raised no allegations of discrimination based on partisan political reasons or marital status, the AJ dismissed his appeal for lack of jurisdiction.

On May 7, 2001, the Board affirmed the dismissal of Mr. Bofill's appeal. The Board concluded that Mr. Bofill had presented no new, previously unavailable evidence, and that the AJ made no error of law or regulation that would affect the outcome of Mr. Bofill's appeal. *Bofill*, 90 M.S.P.R. 23 (2001). Accordingly, the Board denied Mr. Bofill's petition for review. *Id.* at 23. Mr. Bofill now appeals to this court.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994). This court's scope of review over decisions of the Board is limited by statute. This court must affirm the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995).

■ Whether the Board possessed jurisdiction to adjudicate an appeal is a question of law, which we review *de novo. Forest*, 47 F.3d at 410. As the Board noted, an employee must, by preponderant evidence, establish that the Board possesses jurisdiction. *See Van Wersch v. Dep't of Health and Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir.1999) (citing *Forest*, 47 F.3d at 410).

■ The jurisdiction of the Board is limited to those actions specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); *Antolin v. Dep't of Justice*, 895 F.2d 1395, 1396 (Fed.Cir.1989) (citing *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983)). Non-probationary employees have a statutory right to appeal their terminations to the Board. *See* 5 U.S.C. § 7513(d) (2000) (establishing appellate rights of "employee[s]"); *id.* at § 7511(a)(1)(A) (excluding probationary employees from the definition of "employee" in § 7513(d)); *see also Anderson v. Merit Sys. Prot. Bd.*, 12 F.3d 1069, 1070–72 (Fed.Cir.1993) (affirming dismissal because the Board lacks jurisdiction over appeals by temporary employees challenging termination). No statute grants such appellate rights to probationary employees, however. *See Mastriano v. Federal Aviation Admin.*, 714 F.2d 1152, 1155 (Fed.Cir.1983) ("There is no statutory authorization for an appeal by probationary employees to the [Board]."); *see also Grigsby v. U.S. Dep't of Commerce*, 729 F.2d 772, 776 (Fed.Cir.1984) (holding the procedural protections of 5 U.S.C. § 7513 inapplicable to probationary employee's appeal of his termination).

■ Probationary employees possess a far more limited right to appellate review by the Board of decisions to terminate their employment. *See* 5 C.F.R. § 315.806 (2001). Under Office of Personnel Management ("OPM") regulations, an agency may terminate a probationary employee pursuant to § 315.804 of Title 5 of the Code of Federal Regulations. Section 315.806 establishes the Board's limited appellate review over actions by former probationary employees who seek to appeal such terminations. *Id.* at § 315.806. Section 315.806 provides:

(a) Right of appeal. An employee may appeal to the Merit Systems Protection

Board in writing an agency's decision to terminate him under § 315.804 or § 315.805 only as provided in paragraphs (b) and (c) of this section. *The Merit Systems Protection Board review is confined to the issues stated in paragraphs (b) and (c) of this section.*

(b) On discrimination. *An employee may appeal under this paragraph a termination not required by statute which he or she alleges was based on partisan political reasons or marital status.*

(c) On improper procedures. A probationer whose termination is subject to § 315.805 may appeal on the ground that his termination was not affected in accordance with the procedural requirements of that section.

*Id.* (emphasis added). Section 315.805 provides probationary employees with certain procedural protections, including advance written notice of the proposed termination, but it applies only when the termination is "for reasons based in whole or in part on conditions arising before [their] appointment." *Id.* at § 315.805. Thus, the Board lacks jurisdiction over appeals by probationary employees terminated for reasons related to their performance during the probationary period absent bona fide allegations of discrimination based on partisan political reasons or marital status. *Pervez v. Dep't of the Navy,* 193 F.3d 1371, 1375 (Fed.Cir.1999) (holding that § 315.806 carves a narrow exception to the general rule that the Board lacks jurisdiction to review appeals by temporary employees seeking to challenge their terminations).

▮ The Board's decision dismissing Mr. Bofill's appeal for lack of jurisdiction based upon these regulations was in accordance with law. The agency terminated Mr. Bofill for reasons related to his work performance during the probationary period, not for conditions arising before his

appointment. Thus, the procedural requirements of § 315.805 are inapplicable. Pursuant to § 315.806, the Board's jurisdiction over Mr. Bofill's appeal is limited to allegations that his termination was based on discrimination based on partisan political reasons or marital status. Because Mr. Bofill has raised no such allegations, the Board properly concluded that it lacked jurisdiction over his appeal. For these reasons, the final decision of the Board is affirmed.

No costs.