**Nancy WHEELER, Petitioner,**

v.

**DEPARTMENT OF COMMERCE,
Respondent.**

**No. 02–3305.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 12, 2002.

Rehearing and Rehearing En Banc
Denied Feb. 19, 2003.

Before RADER, SCHALL, and
BRYSON, Circuit Judges.

RADER, Circuit Judge.

Petitioner Nancy Wheeler appeals the decision of the Merit Systems Protection Board dismissing her Individual Right of Action (IRA) claim for lack of jurisdiction. The administrative judge determined that Ms. Wheeler was terminated from her temporary appointment prior to her alleged whistleblowing disclosures. Because Ms. Wheeler did not show that her disclosures were a contributing factor to her removal, the Board held that it lacked jurisdiction over Ms. Wheeler's IRA appeal. *See Wheeler v. Dep't of Commerce,* No. SF–1221–01–0247–W–1, 2002 WL 1292780 (M.S.P.B. June 6, 2002). This court *affirms.*

## BACKGROUND

In April 2000, Ms. Wheeler was hired in a temporary position as an enumerator, AD–0303, with the Census Bureau's Local Census Office (LCO) in Hollywood, California. After failing to comply with agency requirements in obtaining census information and refusing to correct the failure, Ms. Wheeler was informed by the agency on May 2, 2000, that she was suspended from her duties. On May 3, 2000, LCO supervisors approved Ms. Wheeler's termi-

nation. The Notification of Personnel Action form (SF–50), approved by the agency's regional director, sets Ms. Wheeler's effective termination date as May 3, 2000. The next day Ms. Wheeler filed a grievance on Census Bureau Form D–244 stating that she had been slandered by her supervisor, denied her right to work, and refused requested documents. The following day the agency informed Ms. Wheeler that her employment was terminated. In response, Ms. Wheeler filed a complaint with the Office of Special Counsel (OSC), alleging prohibited personnel practices and whistleblowing disclosures that resulted in her wrongful termination. Ms. Wheeler admits that her earliest whistleblowing disclosures were made on May 5, 2000.

The administrative judge found that Ms. Wheeler's effective termination date was May 3, 2000. Because Ms. Wheeler was effectively terminated before her first whistleblowing disclosure, the administrative judge concluded that Ms. Wheeler had failed to show a nexus between the removal and the whistleblowing disclosures.

## DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). A determination of whether the Board has jurisdiction to address a particular appeal is a question of law, which this court reviews *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999); *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir.1999). This court reviews the Board's factual determinations for substantial evidence. *Bolton v. Merit Sys.*

*Prot. Bd.*, 154 F.3d 1313, 1316 (Fed.Cir. 1999). A petitioner must establish that the Board possesses jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2002); *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir.1999) (citing *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995)).

Termination from a temporary position is not an action appealable to the Board. 5 U.S.C. § 7511(a)(1)(A) (excluding probationary employees from the definition of "employee" in 5 U.S.C. § 7513(d) (2000)); *Anderson v. Merit Sys. Prot. Bd.*, 12 F.3d 1069, 1070–72 (Fed.Cir.1993) (The Board lacks jurisdiction over appeals by temporary employees challenging termination.). A petitioner may establish Board jurisdiction over an IRA appeal of an otherwise unappealable action, however, by showing that (1) petitioner engaged in whistleblower activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) (2000); (2) the disclosure was a contributing factor to the agency's decision to take or fail to take, or threat to take or fail to take, a "personnel action" as defined in 5 U.S.C. § 2302(a)(2); and (3) petitioner raised the issue before the OSC and the OSC proceedings were exhausted. *Francisco v. Office of Pers. Mgmt.*, 295 F.3d 1310, 1313 (Fed.Cir.2002).

Substantial evidence supports the administrative judge's finding that Ms. Wheeler's effective termination date was May 3, 2000. Ms. Wheeler conceded that she was told of her suspension on May 2, 2000. The SF–50 was one of several documents that memorialized Ms. Wheeler's effective date of removal as May 3, 2000. In addition, Ms. Wheeler conceded that on May 5, 2000, an agency representative informed her that she had been terminated. Because her first whistleblowing disclosures were not made until May 5, 2000,

Ms. Wheeler's disclosures could not be a contributing factor to her removal. Accordingly, the Board lacked jurisdiction over this appeal.

Ms. Wheeler asserts that the Board erred in dismissing her appeal for lack of jurisdiction because the administrative judge ruled only on the whistleblowing claim and did not address Ms. Wheeler's allegation that the agency fired her in reprisal for filing her May 4, 2000 grievance. For the purposes of Ms. Wheeler's IRA appeal, this grievance vests the Board with jurisdiction only if it contained whistleblowing disclosures shown to be a contributing factor to her termination. Ms. Wheeler admitted, however, that her May 4, 2000 grievance did not contain protected disclosures. In addition, the grievance was filed on May 4, 2000, the day after the agency effectively terminated Ms. Wheeler's employment. Hence, the grievance does not give the Board jurisdiction in this case.

## CONCLUSION

Because the record evidences that Ms. Wheeler was terminated on May 3, 2000, prior to her whistleblowing disclosures and the filing of her May 4, 2000 grievance, the Board lacked jurisdiction to hear her IRA appeal.