**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| FRANCESKA WIGGINS, | DOCKET NUMBER |
| Appellant, | CH-315H-18-0522-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 1, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Boone, Dayton, Ohio, for the appellant.

Demetrious A. Harris, Esquire, Dayton, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant, a preference eligible, has filed a petition for review of the initial decision in which the administrative judge found that she was not an "employee" under 5 U.S.C. § 7511(a)(1)(B), divesting the Board of jurisdiction over the appeal of her excepted service trial period termination. Initial Appeal File (IAF), Tab 8, Initial Decision (ID); Petition for Review (PFR) File, Tab 1.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Upon review, we discern no error in the administrative judge's determination to dismiss this appeal for lack of jurisdiction without holding a hearing. An appellant bears the burden of proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). There is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction when an appellant fails to raise a nonfrivolous allegation relating to jurisdiction which cannot be resolved by the documentary record. *Miller v. U.S. Postal Service*, 46 M.S.P.R. 407, 409-10 (1990), *aff'd*, 956 F.2d 1172 (Fed. Cir. 1992) (Table). The Board has jurisdiction over appeals of adverse actions filed by an "employee" as defined in 5 U.S.C. § 7511(a)(1). 5 U.S.C. §§ 7512, 7513(d); *see Anderson v. General Services Administration*, 56 M.S.P.R. 316, 318, *aff'd*, 12 F.3d 1069 (Fed. Cir. 1993). An "employee" under 5 U.S.C. § 7511(a)(1)(B)(i) is defined as "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions . . . in an Executive agency . . . ." Prior Federal service can be credited towards the

completion of a trial period in the excepted service where: (1) the prior service was performed in the same agency; (2) it was performed in the same line of work; and (3) it was completed with no more than one break in service of less than 30 days. *McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶ 12 (2006).

In this case, the agency terminated the appellant, a preference eligible, from her excepted service position as a Medical Support Assistant for postappointment reasons prior to her completion of 1 year of current continuous service in the same or similar positons. IAF, Tab 7 at 5, 24-26. The appellant's previous Federal service in this same position with the agency does not count towards the completion of her trial period, as she had more than one break in service of more than 30 days prior to her appointment to the position to which she was terminated.[2]  *Id.* at 27, 33-43. Thus, the appellant does not meet the definition of an "employee" under 5 U.S.C. § 7511(a)(1)(B) and is not entitled to appeal her trial period termination to the Board.  *See Goodman v. U.S. Postal Service*, 36 M.S.P.R. 127, 130 (1988) (holding that because the appellant did not show that he was an "employee" under 5 U.S.C. § 7511(a)(1)(B), the administrative judge properly dismissed his appeal for lack of Board jurisdiction). The undisputed record supports the conclusion drawn by the administrative judge in the initial decision.  *See Hardy v. Merit Systems Protection Board*, 13 F.3d 1571, 1575 (Fed. Cir. 1994) (finding that the documentary evidence was ample to resolve the jurisdictional issue without a hearing); *Clede v. Department of the Air Force*, 72 M.S.P.R. 279, 286 (1996) (stating that "[t]he uncontradicted evidence of record simply does not furnish a nonfrivolous showing of jurisdiction

---

[2] The record shows that the appellant previously occupied a Medical Support Assistant position with the agency from 2007 to 2008, and held other Federal positions, without a break in service, until 2010.  IAF, Tab 7 at 27, 29-33.  The appellant then had an over 4-year break in service until she was appointed to another Federal position in 2014.  *Id.* at 27, 34-36.  The appellant held that position for less than a year and then had a break in service of approximately 20 months before receiving a Federal appointment for less than 1 week.  *Id.* at 27, 34-41.  The appellant was then appointed to the position at issue in this appeal 3 months later.  *Id.* at 5, 27.

entitling the appellant to a hearing"), *aff'd*, 113 F.3d 1257 (Fed. Cir. 1997) (Table).

In her petition for review, the appellant argues that the administrative judge erred by not holding a telephonic status conference. PFR File, Tab 1 at 3. We see no indication that it was improper for the administrative judge to dismiss this appeal prior to convening a telephonic status conference.[3] *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (outlining that an administrative judge has wide discretion to control the proceedings). The appellant also contests the agency's reasoning for her termination and alleges that the agency committed harmful errors in the termination process. PFR File, Tab 1 at 3-4. Due to the Board's lack of jurisdiction over the appellant's appeal, we are without the authority to address the merits of her termination and any harmful procedural error affirmative defense. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (holding that the Board lacks jurisdiction over a claim of harmful procedural error absent an appealable underlying action).

On review, the appellant argues that the administrative judge erred by not providing her with the opportunity to respond to the agency's filing on jurisdiction. PFR File, Tab 1 at 3. An appellant must receive specific information on what is necessary to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Any shortcoming in providing this notice and an opportunity to submit argument and evidence on the matter can be cured if the initial decision puts the appellant on notice of her burden to demonstrate jurisdiction, thus giving her a chance to meet it on review. *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

In the jurisdictional notice sent to the parties in this instant case, the administrative judge referred to the appellant as holding a position in the

---

[3] There is no indication that the appellant contacted the administrative judge to request a status conference.

competitive service at the time of her termination and provided her the standard for establishing jurisdiction applicable to individuals in the competitive service.[4] IAF, Tab 3. However, the appellant, a preference eligible, occupied a position in the excepted service when terminated. IAF, Tab 7 at 5, 24. The definition of an "employee" with Board appeal rights differs between an individual in the competitive service and a preference eligible in the excepted service. 5 U.S.C. § 7511(a)(1). Notwithstanding, the initial decision contained the correct standard, and the administrative judge assessed whether the appellant was an "employee" with Board appeal rights accordingly. ID at 2-4. Therefore, the appellant received notice through the initial decision of what she had to prove to meet her jurisdictional burden, and she then set forth her argument and evidence on review. PFR File, Tab 1. As outlined herein, the appellant failed to meet this standard on review.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] The appellant did not respond to the jurisdictional notice issued by the administrative judge prior to the initial decision. ID at 3.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.