**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HAKESA MATHEWS-ANDERSON,<br>Appellant, | DOCKET NUMBER<br>PH-0752-19-0116-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: May 28, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dionne Larrel Wade, Esquire, Clifton, New Jersey, for the appellant.

Christine Beam, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her probationary termination for lack of jurisdiction, or alternatively, as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant restates her argument that her position was not subject to a probationary period, and thus she was an "employee" with Board appeal rights pursuant to 5 U.S.C. § 7511(a)(1) at the time she was terminated based on the fact that she received a "Tentative Offer of Employment" and a "Firm Offer of Employment" from Human Resources personnel prior to the effective date of her appointment, identifying her probationary or trial period as "None" or "N/A." Petition for Review (PFR) File, Tab 1 at 4-11, 42-43, 45. The appellant also reasserts her argument that good cause exists for her delay in filing her Board appeal. *Id.* at 12-14.

Upon review, we discern no error in the administrative judge's determination to dismiss this appeal for lack of jurisdiction. An appellant bears the burden of proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board has jurisdiction over appeals of adverse actions filed by an "employee" as defined in 5 U.S.C. § 7511(a)(1). 5 U.S.C. §§ 7512, 7513(d); *see Anderson v. General Services Administration*, 56 M.S.P.R. 316, 318, *aff'd*, 12 F.3d 1069 (Fed. Cir. 1993). An "employee" under 5 U.S.C. § 7511(a)(1) (B)(i) is defined as "a preference eligible in the excepted service who has

completed 1 year of current continuous service in the same or similar positions . . . in an Executive agency . . . ." Prior Federal service can be credited towards the completion of a trial period in the excepted service where: (1) the prior service was performed in the same agency; (2) it was performed in the same line of work; and (3) it was completed with no more than one break in service of less than 30 days. *McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶ 12 (2006).

In this case, the agency terminated the appellant, a preference eligible, from her excepted-service position as an Advanced Medical Support Assistant for postappointment reasons prior to her completion of 1 year of current continuous service in the same or similar positons. Initial Appeal File (IAF), Tab 5 at 10; PFR File, Tab 1 at 56-57. The appellant's prior Federal service in this same position with the agency from December 2011 through December 2013 does not count towards the completion of her trial period, as she had a break in service of more than 30 days prior to her appointment to the position from which she was terminated. PFR File, Tab 1 at 25-27. Thus, the administrative judge correctly concluded that the appellant does not meet the definition of an "employee" under 5 U.S.C. § 7511(a)(1) and is not entitled to appeal her trial period termination to the Board. *See Goodman v. U.S. Postal Service*, 36 M.S.P.R. 127, 130 (1988) (holding that because the appellant did not show that he was an "employee" under 5 U.S.C. § 7511(a)(1)(B), the administrative judge properly dismissed his appeal for lack of Board jurisdiction).

Regarding the appellant's argument that agency officials erroneously informed her that her position was not subject to a 1-year probationary or trial period, as the administrative judge correctly observed, the Standard Form 50 documenting the appointment at issue in this appeal clearly identifies the position as subject to completion of a 1-year probationary/trial period. IAF, Tab 5 at 10; IAF, Tab 6, Initial Decision (ID) at 1-2. Further, even if the offer letters the appellant received prior to the effective date of her appointment did incorrectly

indicate that the appointment was not subject to a probationary or trial period, neither the appellant's acceptance of the agency's offer, nor the agency's alleged failure to notify her that her position was to serve a trial period, can confer jurisdiction over her probationary termination when none otherwise exists. *See Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 17 (2017) (stating that parties cannot confer jurisdiction by a contract or agreement where none otherwise exists), *aff'd sub. nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018); *Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 17 n.6 (2014) (observing that the failure to inform an individual of her probationary status, without more, does not confer employee status on the individual). Accordingly, the initial decision dismissing the appeal for lack of jurisdiction is affirmed.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] As the administrative judge observed, the initial appeal appears to be untimely filed by over 3 years, but we need not reach the issue of timeliness because we agree with the administrative judge that the Board lacks jurisdiction over this appeal. ID at 6-7. For the same reason, we also need not determine whether the appellant made a binding election to grieve her termination prior to filing her Board appeal. ID at 5-6; IAF, Tab 1 at 16-21; *see* 5 U.S.C. § 7121(e)(1) (noting that matters covered by 5 U.S.C. § 7512 that also fall within the coverage of a negotiated grievance procedure may be raised, at the discretion of the aggrieved employee, either under the appellate procedures of 5 U.S.C. § 7701 or under the negotiated grievance procedure, but not both).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. . This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.