# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDY A. BOHON,
        Appellant,

    v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DC-0752-19-0354-I-1

DATE: July 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randy A. Bohon</u>, Apollo Beach, Florida, pro se.

<u>Roderick D. Eves</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a preference eligible veteran whom the agency appointed to the excepted service position of V-01 Real Estate Specialist, effective April 28, 2018. Initial Appeal File (IAF), Tab 1 at 2, Tab 4 at 64. The appointment was subject to a 1-year probationary period. IAF, Tab 4 at 64. The agency terminated the appellant's employment effective February 16, 2019. *Id*. at 66-72.

The appellant filed a Board appeal, challenging the merits of the termination and arguing that the agency violated his due process rights. IAF, Tab 1 at 4, 11-13, 16-17. The appellant asserted that he had already completed 1 year of service when the agency terminated him because he had formed an employment contract with the agency on February 6, 2018. *Id*. at 14-15, 18. He also argued that his termination was based on partisan political reasons. IAF, Tab 10 at 6. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 10-12.

After the close of the record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial

Decision (ID). Although the administrative judge had not issued a jurisdictional order in this appeal, he determined that the agency's motion to dismiss was sufficient to apprise the appellant of his burden and the issues involved.[2] ID at 3 n.1. The administrative judge found that the appellant was not an "employee" with chapter 75 appeal rights, and that the regulatory right of appeal under 5 C.F.R. § 315.806(b), for competitive service employees terminated for partisan political reasons, was not available to him.[3] ID at 4-5.

The appellant has filed a petition for review, challenging the administrative judge's jurisdictional analysis. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

To establish the Board's jurisdiction over a removal action, a Postal Service employee must show that: (1) he was a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) he completed 1 year of current, continuous service in the same or a similar position. 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a); *see Reedy v. U.S. Postal Service*, 84 M.S.P.R. 453, ¶ 5 (1999); *Johnson v. U.S. Postal Service*, 66 M.S.P.R. 620, 626 (1995). It is undisputed that the appellant is a preference eligible. Therefore, the issue is whether he had 1 year of current continuous service at the time of his termination.

On petition for review, the appellant argues that, under contract law, an employment contract existed between him and the agency beginning February 5,

---

[2] We agree with the administrative judge that the agency's motion to dismiss put the appellant on notice of what he must do to establish jurisdiction. IAF, Tab 4 at 8-12. We also find that the initial decision itself set forth the correct jurisdictional standard, thus enabling the appellant to meet his jurisdictional burden on review. *See Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

[3] This finding was correct, and the appellant does not challenge it on review. *See Herbert v. U.S. Postal Service*, 86 M.S.P.R. 80, ¶ 12 (2000) (finding that Postal Service employees are not covered by 5 C.F.R. § 315.806).

2018, and therefore he had more than 1 year of current continuous service at the time of his February 16, 2019 termination. PFR File, Tab 1 at 2-4, 8. However, Federal employment is not governed by contract principles. In the Federal personnel system, employees are *appointed* to positions, with their terms of employment being specified primarily in position descriptions. Appointment, not contract law, is the central concept. *Bartel v. Federal Aviation Administration*, 14 M.S.P.R. 24, 35-36 (1982), *aff'd as modified*, 30 M.S.P.R. 451 (1986). A Federal appointment occurs when the appointing authority has performed the last act to effect the appointment. *Dardis v. Department of Defense*, 9 M.S.P.R. 411 (1982). The record shows that, as of February 6, 2018, the appellant's appointment had not yet been finalized, IAF, Tab 1 at 18, and there is no evidence to show that it was finalized at any time before he entered on duty. Moreover, the statute requires that the appellant have at least 1 year of current continuous service. 5 U.S.C. § 7511(a)(1)(B). Service begins when an individual enters on duty, which in this case did not occur until April 28, 2018. IAF, Tab 4 at 64; *see Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 19 (2014). Because the appellant lacked 1 year of current continuous service at the time of his termination, we agree with the administrative judge that he lacks Board appeal rights under 5 U.S.C. chapter 75. ID at 4-5.

The appellant also argues that the agency violated his due process rights as well as several provisions of the agency's Employee and Labor Relations Manual. PFR File, Tab 1 at 4-6, 8. However, the appellant's arguments concerning due process and procedural error do not confer upon the Board an independent basis to review matters outside its statutory jurisdiction. *See Anderson v. General Services Administration*, 56 M.S.P.R. 316, 320 (1993), *aff'd*, 12 F.3d 1069 (Fed. Cir. 1993); *Riddick v. Department of the Navy*, 41 M.S.P.R. 369, 372 (1989).

Finally, the appellant argues that the Board may have jurisdiction over cases in which an employee was deceived or coerced into resigning or retiring.

PFR File, Tab 1 at 6-8.  This is true, but the appellant in this case did not resign or retire; he was terminated.  IAF, Tab 4 at 66-72.  Moreover, the Board has jurisdiction over such appeals only when the chapter 75 jurisdictional criteria have otherwise been met, *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013), which is not the case here.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.